IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**UNITED STATES BANKRUPTCY TRUSTEE, MARSHA MILLIGAN, FOR THE BANKRUPTCY ESTATE OF THOMAS and LINDA CHENAULT, et al.,**
        **Plaintiffs,**

-vs-                                          Case No. A-08-CA-354-SS

**DOREL INDUSTRIES, INC., et al.,**
        **Defendants.**

_____

**O R D E R**

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants Dorel Industries, Inc.; Dorel Juvenile Group, Inc.; and Cosco Home and Office Products, Inc.'s (collectively, "Defendants") Bill of Costs [#82]; the objections thereto filed by Plaintiffs Thomas Chenault; Linda Chenault; and Marsha Kocurek, United States Bankruptcy Trustee for the Bankruptcy Estate of Thomas and Linda Chenault (collectively, "Plaintiffs") [#83]; Defendants' response to the objections [#84]; and Plaintiffs' reply [#85]. Having considered the aforementioned documents, the case file as a whole, and the relevant law, the Court enters the following opinion and orders.

**I.**    **Legal Standard**

According to Rule 54(d) of the Federal Rules of Civil Procedure, costs shall be allowed as of course to the prevailing party in a civil action. A party does not have to prevail on all issues to be

entitled to an award of costs.[1]  *United States v. Mitchell*, 580 F.2d 789, 793 (5th Cir. 1978).  However, not all expenses incurred by a party can be reimbursed.  *West Wind Africa Line v. Corpus Christi Marine Servs.*, 834 F.2d 1232, 1236 (5th Cir. 1988) (finding Federal Rule of Civil Procedure 54(d) allows trial courts to refuse to tax costs otherwise allowable, but "it does not give them the power to tax items not elsewhere enumerated.").  Pursuant to 28 U.S.C. § 1920, a judge or clerk of any court of the United States may tax as costs the following: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court-appointed experts and interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.

Courts may decline to award costs permitted by § 1920, but may not award costs which are not specifically listed in the statute.  *Compton v. Taylor*, 2006 WL 1789045 at *3 (S.D. Tex. 2006) (citing *Crawford Fitting Co. v. JT Gibbons, Inc.*, 482 U.S. 437, 442 (1987)).  However, although § 1920 is an exhaustive list of the costs that may be routinely awarded under Federal Rule of Civil Procedure

---

[1] In the present case, it is undisputed Defendants were the prevailing party.  This case proceeded to trial on June 8, 2009.  On June 10, 2009, Plaintiffs rested their case and Defendants moved for judgment as a matter of law.  The Court granted the motion on behalf of Defendants Dorel Industries, Inc., Wal-Mart Stores, Inc., and Sam's East, Inc.  On June 10, 2009, Defendant Dorel Juvenile Group rested its case and all parties closed.  Once again, Defendant Dorel Juvenile Group (on its behalf and on behalf of its department Cosco Home and Office Products) moved for judgment as a matter of law.  The Court overruled the motion, and the case was submitted to the jury.  On June 11, 2009, the jury returned its verdict answering the questions as follows:
    Question No. 1:  Yes.
    Question No. 2:  Yes.
    Question No. 3:  Yes.
    Question No. 3.a.:    40 percent
    Question No. 3.b.:    60 percent
The Court accepted and filed the verdict and entered a final judgment ordering Plaintiffs shall "TAKE NOTHING in this cause against" Defendants, and that Defendants "have judgment for all costs for which let execution issue."  *See* Judg. [#75].

54(d), "the item sought need not be expressly mentioned in that statute, for *Crawford Fitting* does not preclude the courts from construing the provisions of § 1920." 10 *Moore's Federal Practice*, § 54.103[3][a].

**I.      Plaintiffs' Objections**

On July 23, 2009, Defendants submitted a Bill of Costs claiming a total of $47,882.51 in costs.[2] *See* Defs.'s Bill Costs [#82]. Plaintiffs raise the following general objections to the Bill of Costs: (1) Defendants have failed to demonstrate the enumerated photocopying and printing costs were necessary for the litigation; (2) Defendant Dorel Juvenile Industries, Inc. ("Dorel") may not recover the costs associated with the electronic database; (3) Defendants should be denied their costs under Rule 54 for "equitable" reasons; and (4) Plaintiffs should be awarded the costs associated with deposing their expert witnesses. The Court considers these objections in turn.

   **a.      Photocopying and printing costs**

Section 1920(4) permits an award of costs for "exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). However, a necessary condition for recovery of costs under § 1920(4) is that such items were "necessarily obtained" for use in the trial. *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). Thus, the Court must make an express finding of fact that the expenses were actually necessary, "rather than obtained simply for the convenience of counsel." *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991); *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 892 (5th Cir. 1993).

---

   [2]This amount represents the amount on Defendants' ***revised*** Bill of Costs. *See* Attachs. to Defs.' Resp. [#84]. Defendants originally sought $50,080.39, but in response to Plaintiffs' objections, they have voluntarily withdrawn $2,154.28 in transcript costs and $43.60 for PACER print-outs. Thus, Plaintiffs' objections regarding the PACER costs and the $900.00 in copying fees which were erroneously listed as incurred on June 30, 2009 are not discussed, as these objections have been answered by Defendants' actions in either deleting the claimed costs or correcting the date on which the costs were incurred.

The party seeking recovery of its costs bears the burden of proving the amount and necessity of its photocopying and printing expenses. *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). While the party seeking costs certainly is not expected "to identify every xerox copy made for use in the course of legal proceedings," the Fifth Circuit does "require some demonstration that reproduction costs necessarily result from that litigation"; for instance, the costs of "reproducing relevant documents and exhibits for use in the case" is a necessary expense, whereas "multiple copies of documents, attorney correspondence, or any of the other multitude of papers that may pass through a law firm's xerox machines" is not. *Fogelman*, 920 F.2d at 286.

In the instant case, Defendants have claimed a total of $8,168.32 in printing and photocopying costs pursuant to § 1920(4). Plaintiffs object that "Defendant has not identified what was copied and how it was necessary for the case [and] has provided no invoices for copying from third party vendors."[3] Pl.'s Objs. [#83] at ¶ 6. Plaintiffs' objection is well taken. In the Bill of Costs, Defendants provide various line item lists of photocopy expenses; however, they do not provide any specific proof of the necessity for these expenses. *See* Bill of Costs [#82]. The attachments to the Bill of Costs are simply an amalgamation of undifferentiated receipts and invoices which the Court has neither the time nor the inclination to decipher.

However, in response to Plaintiffs' objection on this ground, Defendants have submitted the affidavits of Walter Greenough, who acted as lead counsel for Defendants in this litigation, and

---

[3]Plaintiffs also make a passing objection that 15 cents and 25 cents per page—which is what was charged by the two law firms representing Defendants—are not reasonable copying costs. Pls.' Objs. at ¶ 9. However, another court in this district, after making a "cursory inquiry" into copying costs at the Clerk's Office, Kinko's, and a local copying center, found in 2005 that "a market rate of $0.25 per copy is fair and reasonable." *Canion v. United States*, 2005 WL 2216881 at *4 (W.D. Tex. 2005). This Court does not disagree, and therefore overrules Plaintiffs' objection on this ground (for which it provides no support).

Anthony Avey, who acted as local counsel for Defendants in this litigation. *See* Defs.' Resp. at Exs. A ("Greenough Decl."), B ("Avey Decl.").  Mr. Greenough states under oath that the copying costs claimed on behalf of his firm "represent copies from the following categories of documents: pleadings, documents produced by Defendants, documents produced by Plaintiffs, records subpoenaed by third parties, medical records, preparation materials for depositions, deposition transcripts and exhibits, expert records, expert file materials, trial briefs, trial exhibits, trial notebooks, and trial demonstratives," and that "all of the copying costs were necessarily incurred for documents used in this case." Greenough Decl. at ¶ 3. Mr. Avey makes the same declaration under oath. Avey Decl. at ¶ 7.

The Court considers these representations reliable, as they are made by officers of the Court, but finds nonetheless that they are too conclusory to be of great assistance. As stated above, the Fifth Circuit requires "some demonstration that reproduction costs necessarily result from" the litigation in question. *Fogelman*, 920 F.2d at 286. For instance, the costs of "reproducing relevant documents and exhibits for use in the case" is without doubt a necessary copying expense, but the costs of making "multiple copies of documents, attorney correspondence, or any of the other multitude of papers that may pass through a law firm's xerox machines" is not. In the instant case, although Mr. Greenough and Mr. Avey have both stated under oath what ***types*** of documents were copied, the Court has absolutely no means of determining how many copies of each document was made, and whether that amount was excessive. Defendants employed two large law firms and had three lawyers present during the trial of this case, and therefore many photocopies may have been made simply for the convenience of the multiple attorneys in this case. The costs of those copies are not recoverable.

As stated above, once an objection to a bill of costs is lodged, the party seeking costs has the burden of supporting its request with evidence documenting the costs incurred, and proof, if applicable, as to whether the challenged amount was necessarily incurred in the case. *Fogleman*, 920 F.2d at 285-86. Defendants have not carried that burden in this instance. Without more information, it is impossible for the Court to determine whether all the printing and photocopying costs claimed were actually necessary to the prosecution of this case. Mr. Greenough's and Mr. Avey's statements are too general to be of great assistance. *See Auto Wax Co.*, 2002 WL 265091 (disallowing certain costs because the prevailing party only made a blanket statement regarding necessity). Because the Court cannot make a reasonable determination in this instance that all the claimed costs were necessary based on the evidence that has been submitted, and because the printing and photocopying costs appear on their face to be excessive for a relatively simple products liability case, the Court finds the costs claimed in this category should be reduced by half, to account for the fact that they may include multiple copies of the same documents, not all of which were strictly necessary.

Accordingly, Plaintiffs' objection is SUSTAINED on this ground. Defendants' total claimed printing and photocopying costs ($8,168.32) are reduced by half, and Defendants are awarded a total of $4,084.16 in costs under § 1920(4).

  b. **Electronic database**

In the Bill of Costs, Defendants also claim a total of $27,171.88 under "other costs" for the cost of an electronic database. *See* Bill of Costs. Mr. Greenough states the database was "created to respond to Plaintiffs' discovery demands," which undisputedly included a request for every email pertaining to the type of ladder at issue in this case: the 20-217 series ladder. Greenough Decl. at ¶ 4. Mr. Greenough states Dorel initially produced all emails relating or referring to the 20-217 series

ladder which were on the computer of anyone with "significant involvement" in the case. *Id.* However, he states Plaintiffs demanded Dorel produce **all** emails relating to or referring to the 20-217 series ladder, regardless of the location of those emails. *Id.* Ultimately, Dorel's search of all possible emails yielded an estimated 30 gigabytes of materials, consisting of approximately 50,000 emails with attachments. *Id.* at ¶ 5. That number was whittled down to 20,000 emails with attachments (a total of approximately 800,000 pages) once Dorel bought a program that was able to perform a more sophisticated search. *Id.*

Plaintiffs object to the cost of this electronic database because "[c]reation of a database is not a cost that is recoverable under 28 U.S.C. § 1920[.]" Pls.' Objs. at ¶ 22. Notably, Plaintiffs do not dispute they demanded the emails in discovery, but nonetheless argue "Defendant could have avoided producing the documents and/or shifted the cost of producing the documents by way of objections or discovery motions." Plaintiffs conclude by arguing that "[s]ince Defendant did not object and seek a ruling from the Court prior to the production of the database, Defendant has waived any claim to recover the database." *Id.* at ¶¶ 24-25.

Plaintiffs do no dispute that by producing the 800,000 pages of emails electronically, Defendants saved the costs of printing and copying some 800,000 pages of email. This was a reasonable calculation, as it would have cost—at a price of $0.15 per page—approximately $120,000 to print the emails in response to Plaintiffs' discovery request. As explained above, reproduction costs necessarily obtained for use in the case are recoverable, provided the prevailing party demonstrates that necessity. *Fogleman*, 920 F.2d at 286. In this case, the electronic data was produced in lieu of extremely costly paper production. Defendants state they were seeking to save costs by not printing out thousands of pages of documents which would have otherwise been required in response to

Plaintiffs' discovery request. Therefore, the Court finds the expense falls within the category of costs recoverable for "fees and disbursements for printing" under § 1920(3). *See Neutrino Devel. Corp. v. Sonosite, Inc.*, 2007 WL 998636 at *4 (S.D. Tex. 2007) (overruling an objection to taxing costs associated with an electronic database because the discovery "was produced in lieu of costly paper production" under § 1920(3), and the prevailing party had "save[d] costs by not printing out hundreds of documents").

Therefore, because the Court finds the cost of the electronic database was in lieu of expending much more in fees and disbursements for printing under § 1920(3), the Court OVERRULES Plaintiffs' objection to the cost of that database.

    c.    **Equitable considerations**

Plaintiffs also make the global objection that Defendants should be denied their reasonable costs for "equitable" reasons. Pls.' Objs. at ¶ 12. First, Plaintiffs argue any costs awarded "should be awarded solely against the bankruptcy estate, as the cause of action was the property of the bankruptcy estate," and "[t]he bankruptcy estate has no assets." *Id.* at ¶ 15. They also make the following conclusory assertions in support of their argument: "Tom and Linda Chenault have limited financial resources"; "the case involved close and difficult legal issues" and "[t]here is substantial benefit to the public to require a manufacturer of a defective product that causes injury to bear the cost of defending that defective product in court"; "Defendant has profited greatly" from its manufacture of the ladder in question; and "Defendant has the financial resources and the moral responsibility to bear the cost of defending its defective and injury-causing product." *Id.* at ¶¶ 13-20.

Although the Court has discretion in making the award of costs, the Fifth Circuit has held "Rule 54(d)(1) contains a ***strong presumption*** that the prevailing party will be awarded costs."

*Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006) (emphasis added).  Thus, the prevailing party is "prima facie entitled to costs," and a denial of costs is "in the nature of a penalty."  *Id.* at 793-94 (quoting *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)).  The limited circumstances which may justify withholding reasonable costs from a prevailing party are: "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources."  *Id.* at 794.  The mere fact that a suit was brought in good faith is alone insufficient to warrant a denial of costs in favor of a prevailing defendant, as all federal litigants have an obligation to bring suit in good faith under Rule 11.  *Id.* at 794-95.  As the prevailing party is presumed to be entitled to costs, the losing party bears the burden of overcoming the presumption and proving that one of the foregoing factors applies.  *Schwarz*, 767 F.2d at 131.

In the present case, none of Plaintiffs' conclusory arguments override the strong presumption that Defendants, as the prevailing party, are entitled to their reasonable costs.  First, the fact Plaintiffs represent the bankruptcy estate has "no assets" (according to Plaintiffs) is not determinative of the question of whether costs ought to be awarded under Rule 54.[4]  "[I]nability to pay does not automatically warrant setting aside an otherwise documented fee award"; otherwise, "every losing party who qualified for *in forma pauperis* status would automatically be exempt from entry of a cost award; a result contrary to 28 U.S.C. § 1915(f)(1)."  *Rosales v. City of San Antonio, Texas*, 2002 WL 1492590 at *1 & n.11 (W.D. Tex. 2002).  In this case, Plaintiffs never requested permission to bring

---

[4]For the purposes of this analysis, the Court assumes Plaintiffs' representation that this cause of action is "the property of the bankruptcy estate" is true, as there is nothing in the record which indicates the cause of action was exempted from the bankruptcy estate.  *See* Pls.' Objs. at ¶ 15.  Therefore, Plaintiffs are correct that costs shall be awarded against the bankruptcy estate.  *Id.*

this suit *in forma pauperis,* nor did they request court-appointed representation. Instead, Plaintiffs were represented by private counsel, and appeared to have adequate resources to prosecute this case fully. The Court is simply without sufficient information to conclude the bankruptcy estate is wholly without funds, and thus finds Plaintiffs have not overcome the strong presumption in favor of awarding costs on this ground.

Furthermore, during the litigation, the Court found no sanctionable conduct on the part of Defendants, and even granted a motion for judgment as a matter of law on behalf of three of the four Defendants: Dorel Industries, Inc., Wal-Mart Stores, Inc., and Sam's East, Inc. "Costs are only denied in the most egregious circumstances to the prevailing party," and the Court does not find Defendants have engaged in any inappropriate behavior which would justify a denial of costs. *Neutrino*, 2007 WL 998636 at *2; *and see Sheets v. Yamaha Motors Corp.*, 891 F.2d 533, 539-40 (5th Cir. 1990) (taxing costs against the prevailing party for "defendants' repeated and abusive hardball tactics," including "refus[al] to produce documents in response to discovery, violating an order to compel," etc.). Likewise, the Court very much disagrees with Plaintiffs that this simple products liability action involved "close and difficult legal issues." The jury, after hearing all of the evidence and arguments presented by the Plaintiffs, found Mr. Chenault bore the greater responsibility for his injuries. This Court will not disturb that verdict by deciding otherwise here.

In short, Plaintiffs have not overcome the strong presumption that the prevailing party should recover costs as a matter of course, and therefore the Court OVERRULES Plaintiffs' objection that costs must be denied for "equitable reasons."

### d.     Expert witnesses

Finally, Plaintiffs claim they are entitled to recover reasonable fees for the depositions of their own experts under Federal Rule of Civil Procedure 26(b)(4)(C),[5] and to that end they request Defendants be ordered to pay for the time Plaintiffs' retained experts spent in depositions which were requested by Defendants. Pls.' Objs. at ¶¶ 33, 36. Plaintiffs claim Defendants' depositions of Plaintiffs' retained experts lasted a total of 11.25 hours (for three expert witnesses) and cost a total of $3,750.00. *Id.* at ¶¶ 34-35.

Defendants strenuously object to this, arguing the parties agreed during the course of the litigation to bear their own expert fees. *See* Greenough Decl. at ¶ 7. Mr. Greenough states under oath that this agreement exists, and is the reason neither side charged the other for these expert fees during the pendency of the case, and is also the reason Defendants do not seek recovery for the fees of their own expert in their Bill of Costs. *Id.* In their reply, Plaintiffs do not dispute the parties entered into such an agreement. *See* Pls.' Reply. Because Plaintiffs do not dispute the parties had an agreement on this matter, and because Plaintiffs give no absolutely reason why the agreement should not be honored, the Court finds this objection on the part of Plaintiffs should be OVERRULED.

---

[5]Rule 26(b)(4)(C) states:

(C) *Payment*. Unless manifest injustice would result, the court must require that the party seeking discovery:

> (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (B); and
>
> (ii) for discovery under (B), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions.

FED. R. CIV. P. 26(b)(4)(C).

-11-

**II.     Conclusion**

Having considered all of Plaintiffs' specific objections, the Court presumes the remainder of the costs requested are necessary for the case. *Neutrino*, 2007 WL 998636 at *4 (holding if the party against whom costs are taxed does not specifically object, the costs sought are presumed necessary for the case). Therefore, in accordance with the foregoing,

IT IS ORDERED that Plaintiffs' Objections to Bill of Costs [#83] is OVERRULED IN PART and SUSTAINED IN PART. Based on the objections, the Bill of Costs is reduced by a total of $4,084.16.

IT IS FURTHER ORDERED that the Clerk shall tax costs of suit in the amount of $43,798.35 (FORTY-THREE THOUSAND, SEVEN HUNDRED AND NINETY-EIGHT DOLLARS AND THIRTY-FIVE CENTS) against Plaintiff Marsha Kocurek, in her capacity as United States Bankruptcy Trustee for the Bankruptcy Estate of Thomas and Linda Chenault.[6]

SIGNED this the 2nd day of August 2010.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE

---

[6] This amount represents the amount of Defendants' modified request ($47,882.51), minus the amount the Court has disallowed for printing and photocopying costs ($4,084.16).